IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAWINDA M., | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-614-G-BK |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     DEFENDANT. | § | |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this cause is now before the Court on Plaintiff's *Unopposed Application for Attorney Fees Under the Equal Access to Justice Act*. Doc. 23. For the reasons that follow, the motion should be **GRANTED** to the extent set forth herein.

Under the Equal Access to Justice Act ("EAJA"), a court must award attorney's fees and expenses if: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). The award of attorney's fees must be reasonable. *See* 28 U.S.C. § 2412(b).

Plaintiff seeks an award of attorney's fees in the amount of $6,430.00 for 32.15 hours of attorney work at a rate of $200.00 per hour. Doc. 23 at 6. Counsel's hourly rate is based on the United States Department of Labor's Consumer Price Index ("CPI") data for the Dallas-Fort Worth area ("DFW CPI"). *See* Doc. 23 at 4-5. Counsel, however, committed slight rounding

errors which resulted in an hourly rate of $200.00 rather than $199.71.[1]  *See Alexander v. Comm'r of Soc. Sec.*, No. 3:19-CV-1413-M-BK, 2020 WL 1815794, at *1 (N.D. Tex. Mar. 11, 2020) (Toliver, J.) (concluding hourly rate under the EAJA for 2019 is $199.71) *adopted by* 2020 WL 1808617 (N.D. Tex. Apr. 9, 2020) (Lynn, C.J.).

Having considered Plaintiff's motion and the applicable law, the Court thus finds the requested number of hours reasonable, but the hourly rate should be adjusted downward from $200.00 to $199.71, for a total award of $6,420.68.  *See id.*; *Rivera-Servera v. Berryhill*, No. 3:17-CV-379-G-BK, 2019 WL 3802065, at *1 (N.D. Tex. June 7, 2019) (Toliver, J.) (granting Plaintiff's request for $7,799.69 in attorney's fees and $400.00 in court costs under the EAJA) *adopted by* 2019 WL 3802100 (N.D. Tex. July 1, 2019) (Fish, J.).

The Supreme Court has held that EAJA awards are payable directly to the prevailing party, not their attorney.  *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010).  The Court of Appeals for the Fifth Circuit has reiterated this point.  *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir.

---

[1] The cost of living adjustment for 2019 is computed as follows:  The average CPI in 1996 (the year the EAJA was amended) was 148.8.  The annual DFW CPI for 2019 is 237.732, a difference of 88.932.  Doc. 23-2 at 2.  Next, 88.932 is divided by 148.8 to determine the percentage of increase in the CPI, which equals 59.77.  The latter figure is multiplied by $125.00 (the hourly rate established in 1996) to determine the hourly rate increase, which equals $74.71.  That amount is added to $125.00 to determine the adjusted hourly attorney fee rate for the DFW area of $199.71.

2

2013). Accordingly, the award of attorney's fees should be made payable directly to Plaintiff but sent in care of her attorney. *Id.*

**SO RECOMMENDED** on May 27, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).